**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Jonathan Bernard SMITH,**
**Defendant–Appellant**

**No. 15–11080**
**Summary Calendar**

United States Court of Appeals,
Fifth Circuit.

Filed: 07/05/2016

Revised: 07/08/2016

Amber Michelle Grand, Attorney, U.S. Attorney's Office, Northern District of Texas, Dallas, TX, James Wesley Hendrix, Assistant U.S. Attorney, Dallas, TX, for Plaintiff–Appellee

Jonathan Bernard Smith, Pro Se

Before JOLLY, WIENER, and COSTA, Circuit Judges.

PER CURIAM:*

Defendant–Appellant Jonathan Bernard Smith appeals his sentence for conspiracy to possess with intent to distribute a controlled substance. He complains that the district court erred when it increased his offense level by two levels pursuant to U.S.S.G. § 2D1.1(b)(12) for maintaining a drug-related premises. Our review is for clear error. *See United States v. Trujillo*, 502 F.3d 353, 356 (5th Cir. 2007).

Smith contends that the court erred in finding that drug distribution was one of

his primary or principal uses of the premises because he did not have a possessory interest in the premises or distribute drugs from inside, or control access to, the home. We need not decide this question because any error was harmless.

The district court stated that it would impose the same sentence regardless of whether it was correct regarding the premises enhancement. The district court explained that its sentence was based on several factors, including the fact that Smith intended to engage in violence by robbing an undercover agent during a drug transaction. The court further explained that the sentence was appropriate to provide just punishment, to protect the public, and to provide deterrence. In light of the foregoing, any error was harmless. *See United States v. Gutierrez–Mendez*, 752 F.3d 418, 430 (5th Cir. 2014).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.